(76 South. 915)

ERWIN v. BIRMINGHAM RY., LIGHT & POWER CO. (6 Div. 439.)

(Supreme Court of Alabama. Nov. 15, 1917.)

1. CARRIERS ⬥⟵298(1)—INJURIES TO PASSENGERS—SUDDEN MOVEMENT OF CAR.

It is culpable negligence for a motorman in charge of a car on a steep up grade either to release the brake or to apply power to the motor, while a passenger is alighting.

2. CARRIERS ⬥⟵318(10)—INJURIES TO PASSENGERS—ALIGHTING FROM MOVING CAR.

Evidence *held* insufficient to show that, as alleged by plaintiff, the car from which she was alighting jerked and moved suddenly.

3. APPEAL AND ERROR ⬥⟵1062(3)—HARMLESS ERROR—WITHDRAWAL OF ISSUE.

In passenger's action for injuries, under allegations that while she was alighting the street car moved suddenly, where the jury found that the car did not move while plaintiff was alighting, withdrawal of the question of wanton injury, if error, was harmless.

4. EVIDENCE ⬥⟵514(3)—OPINION EVIDENCE—COMPETENCY OF WITNESS.

A merchant tailor without experience in operation of cars was properly denied the opportunity to state whether, if a car on a steep up grade should start backwards, it would cause a violent movement of the car to apply the brake or the power.

5. CARRIERS ⬥⟵317(3)—INJURIES TO PASSENGERS—EVIDENCE—ADMISSIBILITY.

In action by a passenger for injuries, under allegation that while she was alighting the car suddenly started, the motorman in charge of the car could state whether he loosened the brakes, or did anything to cause the car to start forward.

6. WITNESSES ⬥⟵240(2)—LEADING QUESTION—DISCRETION.

The only objection to a question put to a witness being that it was leading, its admission was discretionary with the trial judge.

7. CARRIERS ⬥⟵317(7)—INJURIES TO PASSENGERS—EVIDENCE—ADMISSIBILITY.

In passenger's action for injuries, under allegation that while she was alighting the car

suddenly moved backwards, in the absence of evidence that the brake was released, evidence that if the brake were released at all the car would move was inadmissible.

Appeal from City Court of Birmingham; Charles W. Ferguson, Judge.

Action by Annie R. Erwin against the Birmingham Railway, Light & Power Company. Judgment for defendant, and plaintiff appeals. Affirmed.

The complaint charged, first, that plaintiff was injured while a passenger by the negligent management of the car on which she was riding; and, second, by the wanton or wilful conduct of defendant's servants in charge thereof. The court directed a verdict for defendant as to the wanton count, and on the simple negligence count there was verdict and judgment for defendant.

Erle Pettus, of Birmingham, for appellant. Tillman, Bradley & Morrow and T. A. McFarland, all of Birmingham, for appellee.

SOMERVILLE, J. [1, 2] The plaintiff's testimony is that she was injured while in the act of stepping from defendant's car at a stopping place, and after it had fully stopped, by reason of a sudden and violent jerk of the car. Moving up grade, as the car was, such a jerk could have been caused only by a release of the brake allowing the car to roll backward by gravity, or by the application of power to the motor. In either event, the act of the motorman would have been culpable negligence, and the case was fairly tried upon proper instructions to the jury upon that issue. The sole question was: Did the car move while plaintiff was alighting? As opposed to plaintiff's unsupported testimony, the conductor, motorman, and three other disinterested witnesses testified positively that there was no movement of the car at that time. On this overwhelming evidence, we think the jury could not in reason have found otherwise than against plaintiff upon this issue.

[3] We do not think the evidence has any tendency to support the charge of wanton or willful injury to plaintiff, but, if it did, the finding of the jury that the car did not move while plaintiff was alighting—no other wrongful act being indicated—was necessarily decisive of the issue against plaintiff under the wanton count also, and the withdrawal of the wanton count from the jury by instruction was error without injury, if error at all.

[4] Plaintiff asked defendant's witness Rothold this question:

"State if the car run back that way there, to stop it either by applying the brake or by suddenly applying the current, if that wouldn't cause a violent movement of the car, or a sudden stop?"

The question was excluded on defendant's objection that it was irrelevant, and called for a conclusion of the witness. It will suffice to justify this ruling to say that Rothold was a merchant tailor, and was not competent to give the opinion called for—clearly a matter only for an expert. Again, the question was not predicated upon a backward movement by the car of only about a foot, the distance plaintiff declared it moved in this instance, and it did not appear that the answer would have been relevant to such a limited movement, with a momentum that must have been very slight.

[5, 6] The question to defendant's witness Hipp, the motorman, "Did you loosen the brakes or do anything in the world to cause that car to start forward?" was properly admissible under the issues and evidence. But in any case, the only objection being that it was leading, its admission was discretionary with the trial judge.

[7] Plaintiff was allowed to show that releasing the brake on this grade at this particular point, without the application of power, would cause the car to roll backward. She asked defendant's witness Carver, the conductor of the car in question:

"Isn't it a fact, standing with the brake set there with that car, and the brake is released the least little bit, the car will move?"

This question was excluded on defendant's objection, and thereupon plaintiff offered to show by the witness that releasing the hand brake the least bit, enough to let the car run back, would cause a jerk of the car on that grade. This was also excluded.

The purpose of the testimony thus sought to be elicited was to show how the jerk, if any, was caused. But there was no testimony tending to show that the hand brake was released to any extent on this occasion. Plaintiff's proposition necessarily is that if there was a jerk it may be inferred that the brake was released, and if the brake was released it may be inferred that there was probably a jerk. Thus the major proposition is sought to be supported by an inference from an inference, which is itself drawn from the major proposition, which is but reasoning in a circle.

We think it is clear that, in the absence of any evidence that the hand brake was released, the abstract effect of such a release in general was not admissible in evidence in this case, and all of the testimony in this regard might properly have been excluded. The vital question was whether the car moved, and this question was manifestly determined by the jury adversely to plaintiff's contention, upon fair instructions and a fair consideration of its merits. So that, even if any technical error were shown, we would not feel justified in reversing the judgment therefor.

We have considered the only questions argued in brief, and, finding no error of which plaintiff can complain, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.